UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ROBERT F. HOYT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:08-cv-179-RLY-WGH |
| | ) | |
| MICHAEL LEE BENHAM, SHARON WELLS | ) | |
| BENHAM, JOHN BARKER, PHYLLIS BARKER, | ) | |
| ALL THE UNKNOWN HEIRS OF HERMAN | ) | |
| M. FESSELL, HERMAN NICHOLAS FESSELL, | ) | |
| ALAN TRENT FESSELL, DENNIS ERIC FESSELL, | ) | |
| LINDA D. FESSELL, C. RYAN EUBANK, | ) | |
| BRENDA L. EUBANK, THE UNITED STATES OF | ) | |
| AMERICA, acting through the UNITED STATES | ) | |
| DEPARTMENT OF AGRICULTURE, FOREST | ) | |
| SERVICE, HOOSIER HILLS CREDIT UNION, and | ) | |
| SAMPSON RESOURCES COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| MICHAEL LEE BENHAM and SHARON WELLS | ) | |
| BENHAM, | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT F. HOYT, | ) | |
| | ) | |
| Counter Defendant. | ) | |

**ORDER ON DEFENDANTS' MOTION TO QUASH
SUBPOENAS TO NON-PARTIES**

This matter is before the Honorable William G. Hussmann, Jr., United

States Magistrate Judge, on Defendants Michael Lee Benham and Sharon Wells

-2-

Benham's Motion to Quash Subpoenas to Non-parties filed January 20, 2010. (Docket No. 106). Plaintiff filed a Response on February 8, 2010. (Docket No. 108). This Magistrate Judge then issued an Entry on Defendant's [sic] Motion to Quash Subpoenas to Non-parties on March 2, 2010, instructing defendants to provide a privilege log indicating which documents were protected from discovery in compliance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. (Docket No. 109). Defendants then filed their Notice of Compliance on March 11, 2010, informing the court that they had provided privilege logs to plaintiff. (Docket No. 110). Plaintiff filed a new Response addressing the privilege logs on March 29, 2010. (Docket No. 112).

Having reviewed the arguments of the parties and the relevant legal authorities, the Magistrate Judge concludes that Defendants' Motion to Quash Subpoenas to Non-parties is **GRANTED, in part,** and **DENIED, in part.**

Plaintiff filed this suit seeking to resolve a dispute over access rights to property that he owns. In attempting to discern evidence relevant to title owners of the disputed and adjacent properties, plaintiff issued Subpoenas to Hoosier Hills Credit Union ("HHCU"), Old National Bank ("ONB"), and attorney James C. Tucker ("Tucker"). Since the issuance of the Subpoenas, plaintiff has conceded that ONB has no information that is responsive to the Subpoena. Hence, the relevant inquiry is whether or not the Subpoenas to HHCU and Tucker must be quashed.

The Subpoena to HHCU requested the following documents:

> Complete file including all documents, applications, abstracts, title opinion, appraisals, legal descriptions, surveys, notes and correspondence concerning the application for and closing of the mortgage loan from BIFCU or Hoosier Hills Credit Union to Michael Lee Benham and Sharon Wells Benham.

(Defendants' Motion to Quash Subpoenas to Non-parties at Exh. 2). Additionally, the Subpoena issued to Tucker sought:

> Complete files including all documents, applications, abstracts, title opinion, appraisals, legal descriptions, surveys, notes and correspondence concerning (1) application for and closing of the mortgage loan from Orange County Bank, BIFCU or Hoosier Hills Credit Union to Michael Lee Benham and Sharon Wells Benham and (2) the conveyance of real estate in Orange County, Indiana from Russell and Virginia Wells to Michael Lee Benham and Sharon Wells Benham.

(*Id.,* Exh. 3).

Defendants filed the instant Motion to Quash arguing that the documents sought in these Subpoenas are outside the scope of discovery, are duplicative and/or cumulative of documents already produced, are not properly limited to only the relevant mortgage in this case and the relevant parcel of land, and are protected by the attorney-client privilege.[1] Additionally, in compliance with the Magistrate Judge's entry, defendants HHCU and Tucker have also now provided privilege logs in conjunction with the Motion to Quash. (Plaintiff's Response in

---

[1] Defendants also request that if the Motion to Quash is denied, the court delay production of the documents until a ruling has been made on the pending motion for summary judgment and that the disclosure should be subject to a protective order. Because the Magistrate Judge concludes that the documents are not privileged, there is no need to delay disclosure. As the documents do contain financial information that many would consider personal, the documents may not be dispersed outside of those individuals who need to use them for this litigation.

Opposition to Defendants Michael Lee Benham and Sharon Wells Benham's Motion to Quash Subpoenas to Non-parties, as Supplemented by Defendants' Privilege Log ("Revised Response") at Exh. A [hereinafter "Privilege Log"]).

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas and provides that the court "must" quash a subpoena that requires disclosure of a privileged or other protected matter or is unduly burdensome. FED. R. CIV. P. 45(c)(3)(iii) & (iv).  Furthermore, Rule 26(b)(5)(A) explains the process for alleging that a privilege exists in order to withhold information sought through discovery:

> (A)  *Information Withheld.*  When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>  (i)   expressly make the claim; and
>  (ii)  describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

FED. R. CIV. P. 26(b)(5)(A).

In this case, the privilege log provided by Tucker indicates that all documents related to the May 19, 1989 Deed from Russell and Virginia Wells to Michael and Sharon Benham have been destroyed pursuant to a policy in place where Tucker destroys all deed-related documents after five years.  Consequently, plaintiff acknowledges that this aspect of the Motion to Quash is moot.  (Revised Response at 3).  However, Tucker did indicate that he had in his possession

several documents related to the January 8, 2010 Corrective Warranty Deed from Russell and Virginia Wells to Michael and Sharon Benham. (Privilege Log at 2-3). The actual Warranty Deed and Quitclaim Deed (Items 2 d, e, and f) are public records and are not subject to the attorney-client privilege. The email to the County Auditor (Item 1) and letter from the County Auditor (Item 2 a) addressing whether the Corrective Warranty Deed could be recorded appears to be legal advice sought by and given to the County Auditor by the Orange County Attorney. As such, they are privileged and need not be disclosed.

Items 2 b and 2 c are a proposed Corrective Warranty Deed and Sales Disclosure Form. They do not appear to be the provision of legal advice, and appear to be drafts of documents not intended to be kept confidential. Therefore, these two documents are not subject to the privilege and must be disclosed. Consequently, Defendants' Motion to Quash Subpoenas of Non-parties is **GRANTED, in part,** and **DENIED, in part,** with regard to the Subpoena issued to Tucker.

HHCU has also provided a privilege log that lists 45 separate items for which HHCU claims a privilege. Plaintiff argues in his Revised Response that defendants' Motion to Quash should be denied with respect to 13 of these entries (entries 1, 2, 3, 10, 20, 22, 23, 24, 28, 29, 31, 43, and 45) and that these materials should be disclosed because they are both within the scope of discovery and not privileged. (Revised Response at 5-7). We will discuss each disputed entry.

Entry 1 is a "Loan File checklist," and plaintiff alleges that it "may contain reference to a survey, title insurance policy or abstract of title which would lead to discovery of documents or witnesses with knowledge of the contested strip of land."

Entry 2 is entitled "Paid invoice for Waynick Appraisals," and plaintiff argues that it could include contact information for Alan Waynick which could lead to discovery of information from Mr. Waynick.

Entry 3 is a "Mortgage Loan Fees Spreadsheet," and plaintiff claims that it could reference payment for a survey which could lead to the discovery of a survey of the contested land.

Entry 10 is a "Settlement Statement" that plaintiff alleges may contain reference to a bill for a survey, the identity of a surveyor, or the identity of the title company, which could lead to the discovery of a survey of the contested land and related facts that have yet to be discovered or produced.

Entries 20, 22, and 28 are a "Paid Invoice for Hoosier Hills Title Company," "Final Title Policy," and "Title Insurance." Plaintiff claims that these items are relevant because they may contain contact information for the title insurance agency, title insurance policy numbers, name of the title insurance company, and contact information for the title insurance company.

Entries 23 and 24 are titled "Inhouse Mortgage Loan Request" and "Uniform Underwriting and Transmittal Summary." Plaintiff argues that this

information could shed light on defendants' allegations that plaintiff has slandered their title.

Entry 29 is an "Affidavit of Borrower," and plaintiff argues that it is relevant because whether or not it references an easement could shed light on whether or not such an easement actually existed.

Entry 31 is entitled "Appraisal," and plaintiff alleges that it is relevant because, like entry 23, an appraisal would speak to whether or not defendants' title has actually been slandered as defendants allege; plaintiff also argues that an appraisal would reference the easement as well as the effect the easement has on the value of defendants' property.

Entry 43 is a "Good faith estimate," and plaintiff alleges that it is relevant because it should contain an estimate for a charge for a mortgage survey.

Entry 45 is a "Right to Receive Copy of Appraisal." Plaintiff argues that it is relevant because it put defendants on notice that they were entitled to receive a copy of the appraisal. Plaintiff further argues that whether or not defendants actually obtained a copy of the appraisal goes to the issue of whether or not defendants were acting in good faith when they brought a counterclaim against plaintiff for slandering their title.

None of these documents withheld by HHCU falls within the attorney-client privilege or work product doctrine. These items are part of routine loan closing documents. They are not documents in which either client or attorney seeks or gives legal advice intended to be and remain confidential and intended to direct the course of future conduct.

With the limited exception of **GRANTING** the Motion to Quash as to Items 1 and 2 a, in the Tucker privilege log, the Motion to Quash is **DENIED.**  Production of the items under this Order shall be made within ten (10) business days of the date of this Order.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED** the 20th day of April, 2010.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Copies to:**

Debra Sue Andry
DEBRA S. ANDRY, ATTORNEY AT LAW, LLC
debra.andry@gmail.com

Mark D. Clark
MEAD, MEAD & CLARK, PC
mdc@salemlaw.com

Mick G. Harrison
mickharrisonesq@earthlink.net

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

-9-

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov

Rudolph William Savich
rsavich@aol.com

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov

ALAN TRENT FESSELL
c/o Herman N. Fessell
1015 Bloom Hill Avenue
Valrico, FL 33596-7177

HERMAN NICHOLAS FESSELL
1015 Bloom Hill Avenue
Valrico, FL 33596-7177

DENNIS ERIC FESSELL
c/o Herman N. Fessell
1015 Bloom Hill Avenue
Valrico, FL 33596-7177

LINDA D. FESSELL
c/o Herman N. Fessell
1015 Bloom Hill Avenue
Valrico, FL 33596-7177